J-S41025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS STUART KING | : | |
| | : | |
| Appellant | : | No. 1703 MDA 2019 |

Appeal from the PCRA Order Entered October 3, 2019
In the Court of Common Pleas of Fulton County Criminal Division at
No(s):  CP-29-CR-0000070-2016

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 16, 2020**

Thomas Stuart King appeals *pro se* from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We reverse and remand for further proceedings.

On November 1, 2017, King pled guilty to eight counts of Aggravated Indecent Assault with Complainant less than sixteen years of age, and one count of Indecent Exposure.[1] On the same day, the trial court sentenced King to 22½ to 45 years' incarceration to be served concurrently with a sentence King was already serving.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(8) & 3127, respectively.

[2] King also filed an appeal from this unrelated case, which is currently before this Court at docket number 2060 MDA 2019.

King filed a timely notice of appeal on December 1, 2017, and he listed in his notice of appeal the issue he wanted this Court to review. However, even though the trial court ordered King to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, King's trial counsel failed to do so. This Court dismissed King's appeal on April 5, 2018, due to his counsel's failure to file an appellate brief. In our dismissal order, we directed King's counsel to certify within 10 days that King had been informed of the dismissal. King's counsel complied by filing a "Certification from Appellant's Counsel that Appellant has been notified of the Dismissal," on April 19, 2018. King did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Approximately one year and five days later, on April 24, 2019, King filed the instant PCRA petition. The PCRA court appointed counsel, who submitted a **Turner/Finley**[3] no merit letter and motion to withdraw. Appellate counsel noted that although King's petition might contain a meritorious issue for ineffective assistance of counsel because King's prior attorney failed to file a Rule 1925(b) statement or an appellate brief, the issue was moot because King's petition was untimely. The PCRA court agreed, and filed an opinion and order, on July 9, 2019, granting appellate counsel's motion to withdraw and providing King with Pa.R.Crim.P. 907 notice that his petition would be dismissed as untimely. King did not file a response and the PCRA court dismissed his petition on October 3, 2019.

_____

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

The instant timely appeal followed and both the PCRA court and King complied with Rule 1925. In its Rule 1925(a) opinion, the court reiterated that it had properly dismissed King's petition as untimely. The court also opined that even if the petition were timely, King's claim regarding the ineffective assistance of counsel would not warrant relief because King could not establish prejudice.

King raises the following issues on appeal:

> 1. Was the Fulton County Court of Common Pleas in error when it failed to order a hearing in this matter to address the seriousness of the claims made?
>
> 2. Was the Court in error when it allowed [the] case to move forward knowing counsel was unprepared for trial?
>
> Was counsel ineffective and violated [King's] rights under the VI Amendment to effective assistance of counsel by lying to his client on numerous occasions about his case and not being prepared and moving forward with the trial?
>
> Was the Court in error when it knowingly forced [King] to choose between an attorney who was not ready for trial or represent himself *pro se*, knowing [King] had no legal experience?
>
> 3. Did counsel provide [King] with misleading information on where he would serve a sentence and how long it would be?
>
> 4. Is this PCRA/Appeal filed untimely?

King's Br. at 4.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

- 3 -

We address King's last issue first. A PCRA petition is timely if filed within one year after the date the judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Hart*, 199 A.3d 475, 480 (Pa.Super. 2018). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Pa.R.A.P. 1113(a) provides that an appellant has until 30 days after the entry of a Superior Court order to petition for allowance of appeal with the Pennsylvania Supreme Court.

In the instant case, this Court dismissed King's direct appeal on April 5, 2018. He did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, and his judgment of sentence therefore became final on May 7, 2018.[4] *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Thus, King had until May 7, 2019 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, we conclude that contrary to the PCRA court's determination, King's instant petition, filed on April 24, 2019, was timely.

Accordingly, we proceed to a review of the merits of King's claims. As noted by appellate counsel in his *Turner/Finley* letter, King's PCRA petition included a meritorious issue concerning his trial counsel's *per se* ineffectiveness. King presents that same issue in his instant appellate brief.

---

[4] Thirty days from April 5, 2018 was Saturday, May 5, 2018. Therefore, King had until Monday, May 7, 2018 to file a timely petition for allowance of appeal. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

*See* King's Br. at 12. King claims that his trial counsel was *per se* ineffective by failing to file either a Rule 1925(b) statement or appellate brief on his behalf, leading to the dismissal of his direct appeal. As such, King seeks the reinstatement of his direct appeal rights *nunc pro tunc*. We find this claim warrants relief.

A claim of ineffective assistance of counsel ordinarily requires that the petitioner plead and prove three factors: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011). However, where counsel is deemed *per se* ineffective, prejudice is presumed and the petitioner is entitled to relief without pleading or proving prejudice. **See United States v. Cronic**, 466 U.S. 648, 659 (1984). *Per se* ineffectiveness occurs only in limited circumstances, which include counsel's failure to file a Rule 1925(b) statement when ordered, and the failure to file an appellate brief. **See Commonwealth v. Brown**, 18 A.3d 1147, 1156 (Pa.Super. 2011) (citing **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005) (failure to file Rule 1925(b) statement), and **Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007) (failure to file an appellate brief)).

In this case, King's trial counsel failed to file both a Rule 1925(b) statement and an appellate brief. King's claim that his trial counsel was *per se* ineffective is meritorious and warrants the reinstatement of his direct appeal rights *nunc pro tunc*. **See In Interest of A.P.**, 617 A.2d 764, 767

(Pa.Super. 1992), *aff'd*, 639 A.2d 1181 (Pa.1994) ("Once it is determined that an appellant was denied his or her constitutional right of direct appeal, the proper course of action is to grant the appellant leave to file a direct appeal *nunc pro tunc*"). Accordingly, we reverse the PCRA court's order denying King's petition and direct the lower court to enter an order reinstating King's direct appeal rights *nunc pro tunc*.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020